# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JOSEPH HAWES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-0262-DGK-SSA |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Joseph Hawes's application for supplemental security income under Title XVI of the Act ("the Act"), 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of migraine headaches and degenerative disk disease of the lumbar spine, but he retained the residual functional capacity ("RFC") to be employed as an injection molding machine tender and a cashier.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for supplemental security income on February 21, 2017, and he is alleging a disability onset date of February 21, 2017.[1] The Commissioner denied the application at the

---

[1] At the hearing, Plaintiff amended his alleged onset date from September 1, 2007, to February 21, 2017.

initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and, on March 15, 2019, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on February 4, 2020, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin, 789 F.3d 847, 852* (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[2] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a

---

[2] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or

medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff makes one argument: that the ALJ erred at Step Two by not finding that he had a severe mental health impairment.

In order to meet the Step Two "severity" requirement, Plaintiff had the burden of showing he had (1) a "medically determinable" impairment or combination of impairments which (2) significantly limited his physical or mental ability to perform basic work activities without regard to age, education, or work experience for the required twelve-month duration. 20 C.F.R. § 416.921(a); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Although severity is not an onerous requirement, it is not a toothless standard either. *Kirby v. Astrue*, 500 F.3d 705, 708 (8th Cir. 2007).

The ALJ analyzed Plaintiff's depression using the psychiatric review technique prescribed by the regulations for evaluating mental impairments. R. at 14-15. This technique considers the claimant's degree of limitation in four functional areas known as the "paragraph B" criteria: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentration, persistence, or pace; and (4) adopting or managing oneself. 20 C.F.R. § 416.920a. The ALJ found Plaintiff had only mild limitations in these four areas, so his mental impairments were non-severe. R. at 14-15; 20 C.F.R. § 416.920a(d)(1).

The record supports the ALJ's findings. For example, with respect to the first criterion, the ALJ noted Plaintiff reported problems "with understanding, memory, concentration, following

---

medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

instructions, and completing tasks," and specifically taking his medication R at 14, 183, 186-87. The ALJ noted that although Plaintiff alleged problems remembering to take medication, he was "able to compensate for his allegedly poor memory simply by using a 'daily medicine container,'" and he did not need reminders to go places. R at 14, 183. Thus, there is no reversible error. Similarly, with respect to the second criterion—interacting with others—the ALJ acknowledged Plaintiff's testimony regarding his problems interacting with the public, R. at 14-33-34, but noted Plaintiff's activities of daily living did not support more than mild limitation in "paragraph B" criteria. R at 14-15. The ALJ observed Plaintiff reported going places "where interaction with others is very likely," like the grocery store, the doctor's office and the pharmacy. R. at 14. Inconsistences between a plaintiff's subjective complaints and daily living patterns can raise doubts about his claim, *see Julin v. Colvin*, 826 F.3d 1082, 1087 (8th Cir. 2016), and Plaintiff's daily activities were a permissible factor to consider in evaluating his symptoms. 20 C.F.R. § 416.929(c)(3)(i).

Plaintiff's testimony and statements about activities of daily living were not the only evidence the ALJ considered. He also considered opinion evidence in the record, for example, giving substantial weight to the administrative finding of the State agency psychological consultant, R. at 14, 86-88, and Plaintiff's history of conservative management of his mental impairments, which included no hospitalizations, and that he last had counseling in 2010. R. at 306. It is well established that these are permissible factors to consider. *See*, *e.g.*, *Milam v. Colvin*, 794 F.3d 978, 985 (8th Cir. 2015) (holding the ALJ can consider in his determination the claimant's conservative treatment in his determination).

Of course, Plaintiff cites other evidence in the record that arguably supports his position. But this does not change the fact that substantial evidence supports the ALJ's determination that

4

Plaintiff's mental impairments were not severe. Consequently, the ALJ's decision is supported by substantial evidence on the record as a whole.

## Conclusion

The Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   August 17, 2021              /s/ Greg Kays
                                     GREG KAYS, JUDGE
                                     UNITED STATES DISTRICT COURT